IN THE UNTED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

Andre GRANT
A# 47-170-678

                PETITIONER

V.

Martin HERON, AFOD for
Buffalo Federal Detention Facility,
Michael PHILIPS, Buffalo Field Director
Office Director for Detention and Removal
Eric H. HOLDER, Jr.
Attorney General of the United States

                RESPONDENT

NO:--------------------




---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C.§ 2241

    Petitioner Andre Grant (hereinafter "Grant") hereby respectfully petitions this Honorable Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin Respondents from refusing to release him pursuant to a decision entered by the Immigration Judge on March 24, 2009, which became final on September 30, 2009, when the Board of Immigration Appeals (BIA) dismissed the appeal. In support of this petition Grant alleges as follows:

### CUSTODY

1. Grant is in the physical custody of the Department of Homeland Security/Bureau of Immigration and Custom Enforcement (hereinafter "ICE"), District Director of Buffalo, New York. He is detained at the Buffalo Federal Detention Center, 4250 Federal Drive, Batavia, New York 14020. Grant is under the direct control of Respondents and their agents.

## JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3), Art.1 § 9, cl. 2 of the United States Constitution (hereinafter "Suspension Clause'), and 28 U.S.C. § 1331, as Grant is presently under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States and is seeking relief from his prolonged detention. See e.g. *INS v St. Cyr*, 533 U.S. 289 (2001); *Sossoko v. Rocha*, 412 F.3d 1021, 1033 (9th Cir. 2005) (holding that the Real ID ACT does not preclude habeas jurisdiction over challenges to detention); *Calcano-Martinez v. INS* 533 U.S. 348 (2001); *Henderson v. Reno*, 157 F.3d 106, 122 (2d Cir. 1998) cert. Denied sub. Nom. This Honorable Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C § 702, the APA, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq and All Writs Act, 28 U.S.C. § 1651.

4. Pursuant to *Branden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), and venue lies in the United States District Court for the Western District of New York, the judicial district in which Respondent District Director for Buffalo, Michael PHILIPS, is located. See 8 U.S.C. §1391(e).

## PARTIES

5. Petitioner Andre Grant is a native and citizen of the Jamaica. He was taken into ICE custody on August 17, 2009, and has remained in ICE custody continuously since that

date. Grant was ordered removed from the United States on or about March 24, 2009. The order of removal became final on September 30, 2009 when the BIA dismissed the appeal.

6. Respondent Martin HERON is the AFOD for the Buffalo Federal Detention Facility in Batavia, New York, and is Petitioner's immediate custodian.

7. Respondent Michael PHILIPS is the District Director DRO Field Office, Buffalo District and is the Petitioner's immediate custodian.

8. Respondent Eric H. HOLDER, Jr. is the Attorney General of the United States and is responsible for the implementation and enforcement of the Immigration and Nationality Act. As such he has ultimate custodial authority over Grant.

## EXHAUSTION OF REMEDIES

9. Grant has exhausted any and all administrative remedies to the extent required by law, and his only remedy is by way of this judicial review.

## FACTUAL ALLEGATIONS

10. Grant a native and citizen of the Jamaica is classified by ICE as an alien who entered the United States as a lawful permanent resident on December 10, 1999. Grant was encountered by ICE while in the custody of the New York State Department of Corrections.

11. An immigration judge on March 24, 2009 entered an administrative order, ordering Grant removed from the United States to Jamaica. The Board of Immigration Appeals

dismissed Grant's appeal on September 30, 2009. On November 2, 2009, Grant filed a petition for review and a stay of removal with the United States Court of Appeals for the Second Circuit. The Court of appeals did not grant a stay, and Grant's petition for review was dismissed on March 13, 2010.

12. Grant was ordered removed because he has been convicted in the State of New York for the Criminal Possession of marihuana in the Fifth Degree and sentenced to 1-3 years incarceration. On April 21, 2008, he was also convicted of Attempted Assault in the Second Degree and Criminal Possession of a Weapon in the Third Degree and sentenced to 1-3 years concurrently. As a result of these convictions, Grant was ordered removed.

13. Grant was released from the State of New York Department of Correctional Service ("NYS, DOCS") custody into the custody of ICE on August 17, 2009, where he is subsequently detained at the Buffalo Federal Detention Facility. Grant has cooperated fully with all efforts by ICE to assist in his removal from the United States to Jamaica. Although Grant's order of removal became final on September 30, 2009, and the removal period ended on April 30, 2010 (the date the Second Circuit Court's mandate is due), Grant has yet to receive any travel documents from the Jamaican Embassy for his removal.

14. Grant has been in detention longer than six months after receiving a final removal order, and ICE has been unable to carry out his removal. Grant's Consulate has not issued travel documents and there is no certainty as to when, if ever, such travel documents will be issued. Thus, Grant's removal from the United States is not significantly likely to occur in the reasonable foreseeable future. See *Habtegaber v. Jenifer*, 256 F. Supp. 2d 692, 697-98 (E.D. Mich. 2003) (Ethiopian national ordered released after 7 months' detention where neither Ethiopia nor Eritrea responded to INS's request for travel documents); *Okwilage v. Immigration & Naturalization Service*, No. 3-01-CV-1416-BD, 2002 WL 356758, *3 (N.D. Tex. Mar. 1, 2002) (alien

from Jamaica in custody for 11 months ordered released under *Zadvydas* because INS did not have travel documents in hand and there was no certainty as to when such documents might be issued); see also *Lewis v. Immigration & Naturalization Service*, No. 00CV0758(SJ), 2002 WL 1150158, *4-5 (E.D.N. Y. May 7, 2002) (alien from Barbados provide "good reason" to believe removal note likely to occur in the reasonable foreseeable future where consulate had not responded to INS requests for travel documents and alien had been detained longer that six months).

15. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that six-months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal. Id at 702. Interim administrative regulations also recognize that the HQPDU has a six-months period for determining whether there is a significant likelihood of an alien's removal in the reasonable foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

16. Grant was ordered removed on March 24, 2009, to Jamaica, and the removal order became final on September 30, 2009, when the BIA dismissed his appeal. Even thought Grant had filed a petition for review with a stay of removal of removal, the removal period was not stop because the Court had not granted a stay of removal. The removal period for an alien subject to a final order of removal shall begin on the latest of the following dates: (A)   the date the order becomes administratively final; (B) If the removal order is subject to judicial review (including review by habeas corpus) and if the court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed and the alien removed; or (C) If the alien was detained or confined, except in connection with a proceeding under this chapter relating to removability, the date the alien is released from the detention or confinement. Consequently, because the Court did not grant a stay of removal, the six-months presumptively reasonable removal period for Grant

ended on April 30, 2010 when the Court dismissed case mandate is due.

## LEGAL BACKGROUND

17. Section 236(c) of the Immigration and Nationality Act, as amended, provides that "(t)he Attorney General shall takes into custody any alien who" is removable from this country because he has been convicted of one of a specified set of crimes. The statute requires the Department of Homeland Security to take into custody any alien who 'is deportable' from the United States based on having been convicted of any of a wide range of crimes.

18. Grant was convicted in the State of New York for the Criminal Possession of marihuana in the Fifth Degree and sentenced to 1-3 years incarceration. On April 21, 2008, he was also convicted of Attempted Assault in the Second Degree and Criminal Possession of a Weapon in the Third Degree and sentenced to 1-3 years concurrently. As a result of these convictions, Grant was ordered removed. Even if these crimes were aggravated felonies, it is respectfully submitted that INA section 236(c) and other mandatory detention statutes were deemed unconstitutional by majority of courts. See *Hoang v. Comfort*, 282 F.3d 1247(10th Cir. 2002); *Patel v. Zemski*, 275 F.3d 299 (3d Cir. 2001).

19. While it is established that inadmissible aliens or those subject to exclusion orders do not enjoy due process rights under the Fifth Amendment to the United States Constitution, several District Courts have affirmed that Courts have the power and the responsibility to review the government's exercise of detention in cases involving inadmissible aliens. See *Zadvydas v. Davis*, 121 S.Ct. 2491, 2501 (2001) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after

6

proceedings conforming to traditional standards of fairness encompassed in due process of law, " *quoting Shaughnessy v. United States ex rel, Mezei*, 345 U.S. 206, 212 (1953)). Also See *Clark v Martinez*, 125 S.CT. 716, 160 L.ED. 29 734, 73 ULLW 4100(U.S. 2005)

20. Although Grant is subject to a final order of removal and his detention is permissible based upon this final order, it has exceed all limits of the reasonable exercise of the government's authority. See *Zadvydas*, 533 U.S. 678; *Rosales-Gracia v. Holland*, 238 F.3d 704, 725 (6th Cir. 2003). The Supreme Court's decision in *Zadvydas* stated that removable and excludable aliens are situated differently before and order of removal is entered. The Court went on to hold that both removable and inadmissible aliens are entitled to be free from detention that is arbitrary and capricious, and the Court further stated that six (6) months was the maximum period of post order detention that was presumptively reasonable given the alien's fundamental liberty interest. *Zadvydas*, 533 U.S. at 692.

21. The Court in *Patel v. Zemski*, 275 F.3d 299(3d Cir. 2001) also stated that under *Zadvydas* immigration detention implicates a fundamental liberty interest and that the INS is limited to a "period reasonably necessary to bring about the alien's removal generally no more than six months." Id at 209 (citing *Zadvydas*, 533 U.S. at 692). Additionally, the Code of Federal Regulations recognizes that the Service's Headquarters Post-order Detention Unit (HQPUDU) must make a determination within a six-months period as to whether there is a significant likelihood that the alien can be removed from the United States in the reasonably foreseeable future. See 8 C.F.R. §241.13(b)(2)(ii). Presumptive reasonable time established by the Supreme Court. Such prolonged detention is arbitrary and capricious since Grant's removal to Jamaica is not likely to occur in the reasonable foreseeable future.

22. Prior to the Supreme Court's decision in *Zadvydas*, courts in the Third Circuit determined that aliens are not subject to prolonged post-order detention. See *Chi Thon Ngo v. INS*, 192 F.3d 390 (3rd Cir. 1999)("stakes are high and we emphasize that grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for aliens"). In *Chi Thon Ngo*, the court found that the statue satisfied due process because it provided for " searching periodic reviews" of the basis for detention but granted the petitioner's writ of habeas corpus since he had not received the " rigorous reviews of his eligibility for parole that due process requires." Id at 399.

23. Following *Zadvydas*, the Attorney General promulgated regulations establishing a process for determining the custody of aliens subject to prolonged detention awaiting execution of a removal order. See 8 C.F.R.§241.13. Section 241.13 applies to aliens, such as Grant, "Who are subject to a final order of removal and are detained under the custody review procedures provided at [section] 241.4 after the expiration or removal period...." 8 C.F.R. §241.13(a). "Section 241.13 tracks *Zadvydas*'s mandate in that it requires a deportable alien to first establish a basis that removal in the 'reasonably foreseeable future' is not possible." *Jabir v. Ashcroft*, No. civ.A.03-2480, 2004 WL 60318, at 85 (E.D. La. Jan. 8, 3004).

24. A noncitizen who is detained may trigger HQPDU review of whether there is a significant likelihood of removal in the reasonably foreseeable future by written request. 8 C.F.R..§241.13(d).  The HQPDU must respond to such a request within ten business days, acknowledge the request, and explain the process that will be followed to consider the request. 8 C.F.R. §241.13(e)(1).  The HQPDU must that assess the detainee's cooperation with removal efforts in addition to factors such as the history of ICE's "efforts to remove aliens to the country in questions or third countries,…the ongoing nature of efforts to remove this alien,…the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects or removal

of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory." 8 C.F.R. §241.13(f). According to the regulations, while "there is no presumptive period of time within which the alien's removal must be accomplished,... the prospects of the timeliness of removal must be reasonable under the circumstances." 8 C.F.R. §241.13(g). If HQPDU determines that there is no significant likelihood that the alien will be removed in the reasonable foreseeable future, the alien is to be released, upon appropriate conditions, unless "special circumstances" exist. 8 C.F.R. §241.13(g)(1).

25. Special circumstances allowing the continued detention of noncitizen who are subject to removal but unlikely to removed in the reasonably foreseeable future include those who pose a special safety risk to the public, in the sense that they carry contagious diseases, 8 C.F.R. §241.14(b), pose serious adverse foreign policy consequences, 8 C.F.R. §241.14(c), are being detained because of anti-terrorism concerns, 8 C.F.R § 241.14(d), or have been determined to be "specially dangerous," either because of the alien's criminal record or by virtue of mental illness. 8 C.F.R. §241.14(f).

26. In the instant case, Grant had not received a "searching periodic review" of his custody status. ICE has never asserted that special circumstances exist to justify Grant's prolonged detention, or that Grant poses a danger to the national security or significant flight risk. Thus, Grant alleges that his detention violates both substantive and procedural due process insofar as ICE has failed to conduct a periodic review of his status in accordance with its own procedures and has made no determination that he posed either a danger to society or a flight risk.

27. This Court should grant Grant's writ of habeas corpus because the government has failed to acknowledge its compliance with all of the obligations of his detention or provide another valid reason for his continued detention, and this unjustly prolonged

detention deprives Grant of his liberty. See *Chi Thon Ngo*, 192 F.3d at 393. There is no justifiable reason for his continued detention. Since Grant's detention has continued beyond the six-months past-removal period, his continued detention should be deemed an unlawful deprivation of his liberty See *Zadvydas*, 522 U.S. 678.

28. Grant further contends that his prolonged detention without the possibility of bond violates the Constitution. Grant respectfully requests that this honorable court consider as persuasive authority the decision of the United States Court of Appeals for the Third Circuit with respect to the application of the time limiting provision of 8 U.S.C. §1226 as preventing the prolonged detention of inadmissible or excludable aliens. See *Patel v. Zemski*, 275 F.3d 299 (3d Cir. 2001)(holding that mandatory detention of aliens after they have been found subject to removal violates their due process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community); *Chi Thon Nog v. INS*, 192 F.3d 390, 398 (3d Cir. 1999)(same).

## FIRST CLAIM FOR RELIEF

29. Grant re-alleges and incorporates by reference paragraphs 1 through 28 as is set forth fully herein.

30. The government is Illegally detaining Grant because he is in custody for more than six months, and he will not be able to be removed to Jamaica in the reasonably foreseeable future.

31. Grant's continued detention by Respondent is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six-months presumptively reasonable period for removal efforts has expired. Grant still has not been removed, and he continues to languish in detention. Grant's removal to Jamaica or any other country is not significantly likely to occur in the reasonably foreseeable

future. The Supreme Court held in *Zadvydas* that the ICE's continued detention of someone like Grant under such circumstances is unlawful.

32. Grant request that the government show cause why his continued detention is justified.

## SECOND CLAIM FOR RELIEF

33. Grant re-alleges and incorporates by reference paragraphs 1 through 32 above as set forth fully herein.

34. Grant's alleges that in light of the equities in this case, his prolonged detention- more than six months-violates his right to substantive due process under the Fifth Amendment to the United States Constitution.

35. The Due Process Clause of the Fifth Amendment requires that the deprivation of Grant's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Grant in order to effectuate removal, that interest does not justify the indefinite detention of Grant, who is not significantly likely to be removed in the reasonably foreseeable future. *Zadvydas* recognized that the ICE might continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six-months. Grant has already been detained in excess of six-months and his removal is not significantly likely to occur in the reasonably foreseeable future.

## THIRD CLAIM FOR RELIEF

36. Grant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 is set forth fully herein.

37. Grant alleges that in light of the equities in this case, his prolonged detention - more than six months - without a meaning review of his detention in accordance with federal regulations violates his right to procedural due process under the Fifth

Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Grant prays that this Honorable Court grant the following relief:

(1) Assume Jurisdiction over this matter;

(2) Issue an order requiring Respondents to promptly release Grant because there is no likelihood that he will be removed to Jamaica in the reasonably foreseeable future;

(3) Order the Attorney General and his agents not remove Grant from the jurisdiction of this Court during the duration of the consideration of the petition;

(4) Grant any other and further relief that this Court deems just and proper.


Dated: April 30, 2010

*Andre Grant*
Andre Grant
Pro Se
A# 47-170-678
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, N. Y. 14020
JMR

# CERTIFICATE OF SERVICE

I, Andre Grant, the petitioner in the above-captioned case, hereby certify under penalty of perjury that I personally caused to be served a copy of the Petitioner's Habeas Corpus together with all attachments, by regular mail on this April 30, 2010, to the following individuals and addresses.

**Martin Heron**
**AFOD**
**Buffalo Federal Detention Facility**
**4250 Federal Drive**
**Batavia, N. Y. 14020**

**Michael Philips**
**ICE Field Office Director**
**Immigration & Custom**
**130 Delaware Avenue**
**Buffalo, New York 14202**

**Honorable Eric H. Holder, Jr.**
**United States Department of Justice**
**Office of Immigration Litigation**
**P.O. Box 878**
**Ben Franklin Station**
**Washington, DC 20044**

Executed on: April 30, 2010, in Batavia, New York

/s/ Andre Grant
Andre Grant
Pro Se
A# 47-170-678
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, N. Y. 14020
JMR